

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>L**AW** D**EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MARTIN BOWE**<br>**Assistant Corporation Counsel**<br>(212) 356-0894<br>(646) 939-7614 |

May 25, 2022

**VIA ECF**
Hon. Ronnie Abrams
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *J.R. v N.Y.C. Dep't of Educ*. 22-cv-2297 (RA)(OTW)

Dear Judge Abrams:

    I am an Assistant Corporation Counsel in the office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, supervising attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA"), and this action.

    I am an Assistant Corporation Counsel in the office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, supervising attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA"), and this action.

    I write to respectfully request a stay of this matter until Your Honor issues a decision on the fully submitted motion for attorneys' fees in the very similar matter, *C.L., et al. v. DOE*, 21-cv-7094 (ECF Nos. 17-32) which presents solely the issue of reasonable attorney fees for the Law Office of Steven Alizio, PLLC ("LOSA").[1]

    Defendant believes that the greatest impediment to settlement at this time is the gap separating the parties' views on what constitutes reasonable hourly rates for the legal services rendered by LOSA. Mr. Alizio claims an entitlement to a rate of $400/hour, despite having approximately four years' experience as of the filing of this action. Defendant has discussed with Plaintiff that more than a dozen judges of this District—including Your Honor—have assigned substantially lower hourly rates for IDEA lawyers with significantly more experience than Mr. Alizio.[2]

---

[1] Defendant also files today a request for a stay of another IDEA fees-only case, Your Honor presiding, brought by a plaintiff represented by LOSA, *i.e.*, *M.K. v N.Y.C. Dep't of Educ*. 22-cv-1891 (RA)(SN).

[2] For example, in the *H.W. v. N.Y.C. Dep't of Educ*., 20-cv-10591 (RA) matter, Your Honor assigned the following hourly rates to IDEA attorneys: $400/hr. for A. Cuddy (26 years' experience), M. Cuddy (32 years' experience), and J. Sterne (24 years' experience); $300/hr. for K. Mendillo (11 years' experience); and $200/hr. for B. Bouchard (less than two years' experience). In *C.L.*, at ECF No. 35, Defendant submitted the decision in *R.P. v. New York City Dep't of Educ*., 21-cv-4054 (JMF), where Judge Furman

      Plaintiff does not consent to the request for a stay but offered the following rationale for withholding consent: "Plaintiff is opposed to this matter being stayed as Plaintiff does not want to wait indefinitely to have this matter resolved."

      However, Defendant's proposal would have, if anything, the opposite effect: it would avoid repetitive motion practice on a reasonable hourly rate for Mr. Alizio in litigation of virtually identical complexity (or lack thereof)[3]; and Your Honor's ruling on a reasonable hourly rate for Mr. Alizio in *C.L.* would, in all likelihood, remove the question of a reasonable rate as the largest barrier blocking prompt settlement of this matter once that issue is adjudicated.[4]

      Defendant believes the requested stay will allow the parties to resolve this matter expeditiously—without needlessly burdening the Court's resources and without generating unnecessary additional billing—after the Court decides the aforementioned pending motion in *C.L.* and assigning Mr. Alizio's hourly rate (which he purports to bill at $400/hour despite having approximately 4 years' experience at the time this federal action was filed).

      Accordingly, Defendant respectfully requests a Stay of this matter until the date on which Your Honor issues a Decision in the *C.L.*, 21-cv-7094 matter.

Thank you for considering this request.

Respectfully submitted,
_____/s/_____
Martin Bowe
Assistant Corporation Counsel

cc: Steven Alizio, Esq. (via ECF)

---

The Court will hold a telephone conference on June 2, 2022 at 11:30 a.m. to discuss the request raised in this matter and in *M.K. v N.Y.C. Dep't of Educ.,* No. 22-cv-1891. The conference line, which will be open to the public, may be accessed with the following call-in information: Call-In Number: 888-363-4749; Access Code 1015508#.

SO ORDERED.

Hon. Ronnie Abrams
May 27, 2022

---

found $375/hour appropriate for IDEA attorneys A. Cuddy (26 years' experience) and J. Sterne (24 years' experience); $300/hour for K. Mendillo (11 years' experience); and $200/hour for J. Coretti ("mid-level attorney"), and $150/hour for E. Murray (2 years' experience). *See R.P.* Opinion annexed hereto.

[3] We note further that the underlying administrative proceeding in this case was barely contested and straightforward: the hearing lasting 110 minutes, the DOE presented no witnesses and the Parent presented 3 witnesses but the DOE conducted no cross, facts that are very similar to those in the pending motion in *C.L. et. al. v. DOE*, 21-cv-7094 (ECF Nos. 17-32).

[4] Defendant filed an Answer on May 16, 2022 (ECF 11). Currently, the parties' joint letter is due by May 31, 2022 (ECF 12). If granted, a stay would obviate that submission, and Defendant respectfully requests that it be due no later than 30 days after the Court's forthcoming decision in *C.L.*